**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **LINDA M. BAILEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **No. 3:13-CV-00001 (CAR)** |
| **DEUTSCHE BANK TRUST COMPANY AMERICAS as TRUSTEE for RALI 2005 QA12,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

Currently before the Court is *pro se* Plaintiff Linda M. Bailey's Motion for Preliminary Injunction [Doc. 3] and Motion for Temporary Restraining Order [Doc. 4]. Although these Motions were filed separately, both essentially request that the Court enjoin Defendant Deutsche Bank Trust Company Americas as Trustee for RALI 2005 QA12 from enforcing the Writ of Possession granted in favor of Defendant on December 18, 2012. For the following reasons, Plaintiff's Motions are **DENIED**.

## BACKGROUND

The instant action is one in a long line of judicial proceedings initiated by Plaintiff in an attempt to maintain possession of 701 Mohansic Avenue, Loganville, Georgia 30052 (the "Property"). On July 7, 2009, after Plaintiff defaulted on the terms of her mortgage loan and security deed, Defendant obtained title to the Property following

a nonjudicial foreclosure sale. Plaintiff did not vacate the property, and Defendant initiated a dispossessory proceeding against Plaintiff and all other residents of the Property in the Magistrate Court of Walton County on April 23, 2010. Plaintiff has contested Defendant's title to the Property through multiple appeals, motions for reconsideration, a suit in the Northern District, and a separate bankruptcy filing. To date, Plaintiff has remained on the property mortgage-free for more than four years. Now, Plaintiff hopes to forestall her imminent eviction once again by filing suit in this Court and seeking injunctive relief.

**DISCUSSION**

The Court notes that because Plaintiff is proceeding *pro se*, the Court construes her Motions for injunctive relief more liberally than those drafted by a formally-trained lawyer.[1] However, as Defendant points out in its response, this Court is barred from granting Plaintiff's requests for relief by the federal Anti-Injunction Act, 28 U.S.C. § 2283. Injunctive relief claims against state court eviction proceedings, including preliminary injunctions and temporary restraining orders, are barred by the Anti-Injunction Act unless they fall within one of three exceptions: (1) the injunction is expressly authorized by an Act of Congress; (2) the injunction is "necessary in aid of [the court's] jurisdiction"; or (3) the injunction is necessary "to protect and effectuate

[1] *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

[the court's] judgment."[2] This is an "absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of the three specifically defined exceptions."[3] None of the three exceptions apply here, and therefore this Court cannot enjoin the state court form enforcing any judgment in an action for eviction.[4]

Moreover, Plaintiff's requests for injunctive relief must be denied because Plaintiff fails to give or even offer the security required by Federal Rule of Civil Procedure 65(c). Specifically, Rule 65(c) states that "[t]he court may issue a preliminary injunction or a temporary restraining order <u>only if</u> the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[5] Plaintiff does not deny that she has failed to make payments in accordance with the loan she signed and has made no offer to tender the required security.[6]

Thus, for the foregoing reasons, Plaintiff's Motion for Preliminary Injunction [Doc. 3] and Motion for Temporary Restraining Order [4] are **DENIED**.

---

[2] 28 U.S.C. § 2283.

[3] *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 286 (1970).

[4] *See, e.g.*, *Boross v. Liberty Life Ins. Co.*, No. 4:10-CV-144, 2011 WL 2945819 (S.D. Ga. July 21, 2011) (holding Anti-Injunction Act barred plaintiff's request to enjoin eviction proceedings); *Farrell v. Poythress*, No. 1:10-CV-1309, 2010 WL 2411502, at *2 (N.D. Ga. May 11, 2010) (Anti-Injunction Act barred plaintiff's request to enjoin enforcement of eviction action).

[5] Fed. R. Civ. P. 65(c) (emphasis supplied).

[6] *See Jackman v. Hasty*, No 1:10-SC-2485, 2011 WL 854878, at *1 (N.D. Ga. March 8, 2011) (temporary restraining order denied where plaintiff failed to offer the security required by Fed. R. Civ. P. 65(c)).

**SO ORDERED,** this 31st day of January, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/ssh