**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **LINDA M. BAILEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **No. 3:13-CV-00001 (CAR)** |
| **DEUTSCHE BANK TRUST** | : | |
| **COMPANY AMERICAS as** | : | |
| **TRUSTEE for RALI 2005 QA12,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Before the Court is *pro se* Plaintiff Linda M. Bailey's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] against Defendant Deutsche Bank Trust Company Americas as Trustee for RALI 2005 QA12. Plaintiff's various claims arise from Defendant's acquisition of 701 Mohansic Avenue, Loganville, Georgia 30052 (the "Property") on July 7, 2009, after Plaintiff defaulted on her mortgage. Based on Plaintiff's allegations in support of her Motion to Proceed *In Forma Pauperis*, it appears Plaintiff cannot pay the fee required to commence this action. Thus, Plaintiff's application [Doc. 2] is **GRANTED.** However, for the reasons discussed below, her Complaint [Doc. 1] is **DISMISSED with prejudice**.

## BACKGROUND

As the Court noted in its previous order denying Plaintiff's requests for injunctive relief, the instant action is one in a long line of judicial proceedings initiated by Plaintiff in an attempt to maintain possession of the Property.  Plaintiff's first efforts in federal court date back to June 23, 2010, when she first filed a lawsuit captioned *Bailey v. GMAC Mortgage Corporation, et al.*, in the Northern District of Georgia.[1]  In that case, Plaintiff alleged numerous violations of federal consumer protection statutes and state law claims stemming from the original mortgage transaction and subsequent foreclosure.  She amended her initial complaint on August 11, 2010, demanding the court set aside the foreclosure, declare the mortgage null and void, grant exclusive possession of the property to Plaintiff, and award damages in the amount of $1.1 million dollars.

On February 4, 2011, the Northern District adopted the magistrate judge's recommendation to dismiss Plaintiff's complaint without prejudice.  However, in light of Plaintiff's *pro se* status and her request for leave to again amend her complaint, the court granted Plaintiff another opportunity to file a properly amended complaint.  In its order, the court also cautioned Plaintiff that her failure to file a properly amended complaint would result in dismissal of her action with prejudice.

---

[1] No. 1:10-CV-01943 (CAP).

Accordingly, Plaintiff filed a second amended complaint in February 17, 2011, wherein she attempted to add two other defendants and expounded upon her earlier filings by alleging that the July 2009 foreclosure was invalid due to violations of a Pooling and Servicing Agreement, lack of a valid recorded assignment, and a defendant's improper involvement in the mortgage transaction.   After considering Plaintiff's amended pleadings, the court entered an order dismissing the complaint on February 25, 2011.  In its order, the court held that the amended complaint and second amended complaint were both "shotgun pleadings" and that "Plaintiff's failure to follow the directions in the [magistrate judge's recommendation] by failing to cure the deficiencies about which she has repeatedly been warned warrants the dismissal of her claims."[2]  The court's final judgment was unequivocally with prejudice.

Plaintiff filed the instant action against Defendant on January 2, 2013, in an attempt to enjoin or "extinguish" an order for writ of possession issued in a state court dispossessory proceeding on December 18.[3]  Taking Plaintiff's Complaint as a whole, she seeks damages and costs, declaratory judgment, injunctive relief, and a judgment "forever enjoining said Defendant from claiming any estate, right, title or interest in the subject property" based on Defendant's alleged intentional infliction of emotional

---

[2] *Id*. Order Adop. R&R at 4 [Doc. 26].

[3] Compl. at 1 [Doc. 1].  The Court also notes that Plaintiff filed for Chapter 7 bankruptcy on December 29, 2011, in the United States Bankruptcy Court for the Middle District of Georgia, Case No. 11-32112.  On May 3, 2012, the Court granted Deutsche Bank's motion for relief from stay, authorizing Deutsche Bank to proceed with the dispossessory action in state court.  Plaintiff was discharged from bankruptcy on November 26, 2012.

distress and negligence, all stemming from Defendant's participation in a "wrongful foreclosure."[4]

## STANDARD OF REVIEW

*In forma pauperis* proceedings are governed by 28 U.S.C. § 1915(e), which requires the Court to conduct a preliminary review of a plaintiff's complaint and dismiss any case that is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[5]   The standard of review under this statute is identical to a motion to dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure, and as such, a complaint may be dismissed for failure to state a claim if the allegations show that an affirmative defense, such as *res judicata*, bars recovery.[6]   Because Plaintiff is proceeding *pro se*, the Court construes her pleadings more liberally than it would formal pleadings submitted by a lawyer.[7]

## DISCUSSION

The doctrine of *res judicata*, or claim preclusion, bars plaintiffs from bringing successive legal actions when (1) a prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties are identical;

---

[4] Memo. at 4 [Doc. 1-15].

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *See Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 206 (2002) (affirming dismissal of complaint under § 1915(e) as barred by *res judicata*); *see also Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc).

[7] *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

and (4) the prior and successive suits involve the same cause of action.[8]  This bar

pertains not only to claims that were raised in the prior action, but also to claims that

could have been raised at the time the prior actions was filed.[9]  In determining whether

the prior and present causes of action are the same, the court must decide whether the

actions arise "out of the same nucleus of operative fact, or [are] based upon the same

factual predicate."[10]   In this case, the Court compares Plaintiff's prior federal action,

*Bailey v. GMAC Mortgage Corporation*, No. 1:10-CV-01943 (CAP) (N.D. G.A.), (the "prior

action") to the instant action.[11]

The instant action satisfies all the elements of *res judicata* and must be barred

from federal court.  The Northern District of Georgia, a court of competent jurisdiction,

rendered a judgment in Plaintiff's prior action, thereby satisfying the first element of the

Court's *res judicata* analysis.  In particular, the Northern District expressly dismissed the

prior action with prejudice under Rule 12(b)(6), serving as a final judgment on the

merits of Plaintiff's claims for purposes of the second element of *res judicata*.[12]

Third, Defendant is in privity with the party to the prior action, GMAC

Mortgage, LLC ("GMAC") for purposes of *res judicata*.  As mentioned above, *res judicata*

---

[8] *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003).

[9] *Id.*; *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1298 (11th Cir. 2001).

[10] *Davila*, 326 F.3d at 1187 (quoting *In re Piper*, 244 F.3d at 1297 (11th Cir. 2001)) (internal quotation marks omitted).

[11]  The Court applies federal law in this case "because federal preclusion principles apply to prior federal decisions."  *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004).

[12] *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.3d 1498, 1501 (11th Cir. 1990) ("[D]ismissal of a complaint with prejudice satisfies the requirement that there be a judgment on the merits.").

bars successive litigation "when the parties are the same (or in privity) [and] if the party against whom the issue was decided had a full and fair opportunity to litigate the issue in the earlier proceeding."[13]  "Privity describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty."[14]  "This relationship between the party and nonparty may be one of several types: where the nonparty has succeeded to the party's interest in the property, where the nonparty controlled the original suit, where the nonparty's interests were represented adequately by the party in the original suit, and where the party and nonparty have concurrent interests in the same property right."[15]

Although the Eleventh Circuit has not addressed the issue of privity between loan servicers and lenders or transferees, several district courts have considered this question and found privity exists.[16]  The Court finds these opinions persuasive. Accordingly, Defendant, as trustee of the trust containing Plaintiff's loan, is in privity with GMAC, the party to the prior action and servicer of Plaintiff's loan.  Both GMAC

---

[13] *Pemco Aeroplex, Inc.*, 383 F.3d at 1285 (quoting *In re Se. Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir. 1995)) (internal quotation marks omitted).

[14] *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986).

[15] *Id.* (internal citations omitted).

[16] *See, e.g., Duke v. Nationstar Mortg., LLC*, No. 2:12-cv-00157-AR, 2012 WL 3852121, at *8 (N.D. Ala. Aug. 30, 2012) (finding servicer and lender (and its assignee) would be in privity for purposes of *res judicata* but for a peculiar Alabama statute that is not implicated in the instant case); *Huggins v. Bank Deutsche Nat'l TR CO TRS*, No. 2:11-cv-00147-KJD-LRL, 2011 WL 2976818, at *3-4 (D. Nev. July 21, 2011) (finding privity between a lender and servicer); *Stewart v. Deutsche Bank Nat'l Trust Co.*, No. 3:08-CV-475, 2010 WL 4004670, at *5-6 (E.D. Tenn. Oct. 12, 2010) (finding that trustee, lender, and servicer shared an "identity of interests relating to the subject matter of the litigation" and were thus in privity).

and Defendant shared a concurrent interest in collecting the debt owed by Plaintiff and enforcing the same property right, which was secured by the Property.[17]

In addition, the instant action satisfies the fourth element of the Court's *res judicata* analysis because it "arises out of the same nucleus of operative fact, or is based upon the same factual predicate" as Plaintiff's prior action.[18]  To elaborate, "[r]es judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact."[19]  In this action, as in her prior action, Plaintiff's request for declaratory judgment and claims of wrongful foreclosure or negligent foreclosure arise out of the same "nucleus of fact," namely, the July 2009 foreclosure sale.  Although Plaintiff raises different legal theories in her latest attempt to forestall her imminent eviction, Plaintiff could have raised these claims when she first filed suit in federal court almost three years ago.  Accordingly, the claims in the instant action are now barred by *res judicata*, and the Court must dismiss Plaintiff's Complaint under § 1915(e).

To the extent Plaintiff attempts to present any "new" negligence claims based on her subsequent bankruptcy proceeding and Defendant's newly-acquired writ of possession, the Court finds that these claims are equally barred by *res judicata*.

---

[17] The Court's conclusion is bolstered by Plaintiff's unsuccessful attempt to join Defendant as a party to her prior action.  *See Bailey*, No. 1:10-CV-01943 (CAP), Doc. 2 (N.D. Ga. June 24, 2010).

[18] *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999); *see also Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1280 (11th Cir. 2009).

[19] *Manning v. City of Auburn*, 953 F.2d 1355, 1358-59 (11th Cir. 1992) (citation and quotations omitted).

Although Plaintiff takes issue with Defendant's actions <u>after</u> her prior federal suit, all of Plaintiff's negligence claims are premised on Defendant's <u>initial</u> "wrongful foreclosure" on Plaintiff's Property in violation of O.C.G.A. § 44-14-162.2.   In particular, Plaintiff claims that Defendant's attempts to possess the Property and validate the foreclosure sale are negligent because Defendant did not comply with O.C.G.A. § 44-14-162.2 before foreclosing on the Property.   As the Court previously stated, Plaintiff's wrongful foreclosure claim is barred by *res judicata* because she could have pursued this claim in her prior federal action.   Accordingly, Plaintiff cannot assert "new" negligence claims that are ultimately based on the same wrongful foreclosure.   Allowing these claims to proceed would be contrary to one the core purpose of *res judcata*: minimizing the possibility of inconsistent decisions.[20]

Finally, the Court turns to Plaintiff's remaining claim of intentional infliction of emotional distress and her request for injunctive relief.   First, Plaintiff fails to state an intentional infliction of emotional distress claim because she does not allege any factual basis for her claim.[21]   Her bare assertion that Defendant's acts "constitute an outrage"

---

[20] *Foster v. RSC Equip. Rental, Inc.*, No. 1:09-cv-479-TCB, 2009 WL 4840649, at *2 (11th Cir. Dec. 1, 2009) (quoting *Mont. v. United States*, 440 U.S. 147, 153-54 (1979)) (emphasis added).   As the Sixth Circuit succinctly stated, "[w]hen, as here, it is obvious that the alleged ongoing [misconduct] is actually the defendant continuing on the same course of conduct, which has previously been found by a court to be proper, a subsequent court must conclude that the plaintiff is simply trying to relitigate the same conduct." *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 751 (6th Cir. 2002); *accord In re Ashlock*, No. 11-15352, 2012 WL 554998, at *5 (E.D. Tenn. Feb. 21, 2012).

[21] The Court cautions Plaintiff that any intentional infliction of emotional distress claims arising from the 2009 foreclosure may also be barred by *res judicata*.

does not demonstrate that Defendant's actions were "so terrifying or insulting as to naturally humiliate, embarrass or frighten to plaintiff."[22]   As to Plaintiff's request for injunctive relief, the Court hereby incorporates its reasoning in the January 31, 2012 Order denying Plaintiff's motions for a temporary restraining order and preliminary injunction.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2] is **GRANTED**.  However, Plaintiff's claims arising from the July 2009 foreclosure sale are barred by *res judicata* and hereby **DISMISSED with prejudice**.[23]  Plaintiff's IIED claim and request for injunctive relief are **DISMISSED without prejudice**.   Finally, Defendant's pending Motion to Dismiss [Doc. 8] is **TERMINATED as MOOT**.

**SO ORDERED** this 5th day of March, 2013.

**S/  C. Ashley Royal**
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/lmh

---

[22] *See Gaston v. S. Bell Tel. & Tel. Co.*, 674 F. Supp. 347, 352 (N.D. Ga. 1987); *see also Moore v. McCalla Raymer, LLC*, No. 1:12-CV-01714-TWT-JFK, 2012 U.S. Dist. LEXIS 183332, *28-29 (N.D. Ga. Nov. 28, 2012).
[23] *See Busse v. Steele*, No. 2:10-cv-89-FtM-33TGW, 2010 WL 3893766, at *1 (M.D. Fla. Sept. 30, 2010) (dismissing *pro se* complaint barred by *res judicata* with prejudice).